**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CARLOS CUESTA, an individual,
DOUGLAS LONGHINI, an individual,
and
ACCESS 4 ALL, INC., a Florida Not-for-Profit Corporation,

CASE:

Plaintiffs,

v.

MONTICELLO RACEWAY MANAGEMENT, INC., a New York Business Corporation,
and
EMPIRE RESORTS, INC., a Delaware Business Corporation.

Defendants.

______________________________/

**COMPLAINT**

Plaintiffs, CARLOS CUESTA, an individual, DOUGLAS LONGHINI, an individual, and ACCESS 4 ALL, INC., a Florida Not-for-Profit Corporation, on behalf of themselves and all other persons similarly situated (collectively hereinafter "Plaintiffs"), hereby sue, MONTICELLO RACEWAY MANAGEMENT, INC., a New York Business Corporation, and EMPIRE RESORTS, INC., a Delaware Business Corporation, (collectively hereafter "Defendants") and as grounds allege:

JURISDICTION AND VENUE

1. The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, *et seq*. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and

2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 36.202, 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

4. Plaintiff, CARLOS CUESTA, is an individual over eighteen years of age, who resides in Florida and is otherwise *sui juris*. Plaintiff, CARLOS CUESTA, is a member of the Not-for-profit Corporation, ACCESS 4 ALL, INC.

5. Plaintiff, CARLOS CUESTA, is "disabled" and has at all times herein suffered from a "qualified disability" as defined by the ADA.

6. Plaintiff, DOUGLAS LONGHINI, is an individual over eighteen years of age, who resides in Florida and is otherwise *sui juris*. Plaintiff, DOUGLAS LONGHINI, is a member of the Not-for-profit Corporation, ACCESS 4 ALL, INC.

7. Plaintiff, DOUGLAS LONGHINI, is "disabled" and has at all times herein suffered from a "qualified disability" as defined by the ADA.

8. Plaintiff, ACCESS 4 ALL, INC, is a Florida Not-for-profit Corporation, formed under the laws of Florida, and maintains its principal office in Miami-Dade County, Florida. Members of its organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ACCESS 4 ALL, INC and its members have suffered and will continue to suffer direct and indirect injury as a result of the

Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. ACCESS 4 ALL, INC has also been discriminated against because of its association with its disabled members and their claims.

9. At all times material, Defendant, MONTICELLO RACEWAY MANAGEMENT, INC., was and is a New York Business Corporation doing business in the State of New York, owning and operating a harness racetrack and simulcasting facility in the State of New York, and deriving substantial revenue from the State.

10. At all times material, Defendant, MONTICELLO RACEWAY MANAGEMENT, INC., owned, leased, and/or operated the Commercial Property located at 204 State Route 17B, Monticello, NY 12701 (hereinafter "Commercial Property") operated as "Monticello Harness Raceway and Simulcasting".

11. At all times material, Defendant, EMPIRE RESORTS, INC., was and is a Delaware Business Corporation doing business in the State of New York, owning and operating a harness racetrack and simulcasting facility in the State of New York, and deriving substantial revenue from the State.

12. At all times material, Defendant, EMPIRE RESORTS, INC., owned, leased, and/or operated the Commercial Property located at 204 State Route 17B, Monticello, NY 12701, operated as "Monticello Harness Raceway and Simulcasting".

13. Venue is properly located in the Southern District of New York pursuant to 28 U.S.C.A. § 1391(b) in that all events giving rise to this lawsuit occurred in Monticello, New York.

14. Defendants' Commercial Property at issue in this matter and the business therein

are located in and around the Sullivan County area. The Defendants regularly conduct business within Sullivan County area, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Sullivan County area.

## FACTUAL ALLEGATIONS

15. Plaintiff, CARLOS CUESTA, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, CARLOS CUESTA, is a hemiplegic with partial paralysis on his left side of the body. His mobility is limited and can only stand for short intervals. He also has great deal of trouble walking more than short distances. Plaintiff, CARLOS CUESTA, is limited in his major life activities by such, including but not limited walking, standing, grabbing, grasping and/or pinching using the left side of the body.

16. Plaintiff, DOUGLAS LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, DOUGLAS LONGHINI, has cerebral palsy, uses a wheelchair to ambulate and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk, stand, climb stairs, or perform activities requiring lower body strength and mobility.

17. Plaintiff, CARLOS CUESTA, is an avid race fan and routinely visits New York to attend concert events as well as horse racing events. Plaintiff, CARLOS CUESTA, visited the Commercial Property on August 10, 2026 and September 8, 2026 to attend the live harness racing events with friends.

18. Plaintiff, DOUGLAS LONGHINI, is an avid race fan who visited the Commercial Property on September 8, 2026 to attend the live harness racing event.

19. Plaintiffs, CARLOS CUESTA and DOUGLAS LONGHINI, have plans to return to the Commercial Property in June 2027 to attend live harness racing events. Plaintiffs,

CARLOS CUESTA and DOUGLAS LONGHINI, travel to New York a few times per year for racing events.

20. Defendants have discriminated against Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property as prohibited by 42 U.S.C. § 12182, et seq.

21. Defendants have discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992. A list of the violations that Plaintiffs encountered during their visits to Defendants' Commercial Property includes, but is not limited to, the following specific defect violations of the ADA:

A. Parking and Exterior Routes

i. The facility lacks the required number of accessible entrances, and the inaccessible entrances lack directional signage, violating §§ 206.4 and 216.6 of the 2010 ADA Standards for Accessible Design. The lack of accessible entrances and directional signage restricts Plaintiffs' ability to maneuver within the parking area.

ii. Several of the accessible parking spaces lack access aisles, the accessible parking spaces and access aisles are improperly marked, and the accessible parking spaces and access aisles contain slopes greater than three percent, violating § 502 of the 2010 ADA Standards for Accessible Design. The improper parking design restricts Plaintiffs' ability to maneuver within the parking area.

iii. The accessible parking spaces are not located closest to the entrances they serve and are located behind other parking spaces, violating § 502 of the 2010 ADA Standards for Accessible Design. The improper parking design restricts

Plaintiffs' ability to maneuver within the parking area.

iv. The accessible parking spaces and access aisles do not adjoin an accessible route to the entrances, violating § 502.3 of the 2010 ADA Standards for Accessible Design.

v. The passenger loading zones and bus stops fail to comply with the accessibility requirements, violating the 2010 ADA Standards for Accessible Design.

vi. The accessible routes from the parking areas to the entrances contain excessive changes in level, slopes, and cross slopes in the path of travel, violating the 2010 ADA Standards for Accessible Design. The excessive changes in level restricts Plaintiffs' ability to maneuver within the parking area.

vii. The ramps contain excessive slopes and cross slopes and lack the required handrails and edge protection on both sides, violating § 405 of the 2010 ADA Standards for Accessible Design. The excessive slopes restrict Plaintiffs' ability to maneuver within the parking area.

viii. The exterior routes within the facility contain excessive changes in level, slopes, and cross slopes in the path of travel, violating §§ 402, 403 and 405 of the 2010 ADA Standards for Accessible Design.

B. <u>Access to Goods and Services</u>

i. The counter and table surfaces in the wagering areas are mounted at a height greater than thirty-four inches above the finished floor, violating §§ 306, 308 and 902 of the 2010 ADA Standards for Accessible Design. The improperly designed tables and counter impede Plaintiffs' access to services provided by the Commercial Property.

ii. The harness racing track lacks compliant viewing spaces and an accessible route to the apron, violating the 2010 ADA Standards for Accessible Design. The improper layout impedes Plaintiffs' access to services provided by the Commercial Property.

iii. The voucher and wagering machines are mounted beyond the prescribed reach ranges, violating §§ 308 and 309 of the 2010 ADA Standards for Accessible Design. The improper layout impedes Plaintiffs' access to services provided by the Commercial Property.

iv. The winner's circle is inaccessible, as the ramp contains a change in level at its base and excessive slopes, violating § 405 of the 2010 ADA Standards for Accessible Design. The improper layout impedes Plaintiffs' access to services provided by the Commercial Property.

v. The hand sanitizer dispensers throughout the facility are mounted beyond the prescribed reach ranges, violating §§ 308 and 309 of the 2010 ADA Standards for Accessible Design.

C. <u>Simulcasting Restroom</u>

i. The sink lacks the required pipe insulation, violating § 606.5 of the 2010 ADA Standards for Accessible Design. The improperly installed sink impedes Plaintiffs' access to the restroom.

ii. The reflective surface of the mirror is set at a height greater than forty inches above the finished floor, violating § 603.3 of the 2010 ADA Standards for Accessible Design. The improperly installed mirror impedes Plaintiffs' access to the restroom.

iii. The toilet paper dispenser is improperly located, violating § 604 of the 2010 ADA Standards for Accessible Design. The improperly installed dispenser impedes Plaintiffs' access to the restroom.

D. Racetrack Restrooms

i. The portable restrooms provided on the racetrack apron are not located on an accessible route and lack compliant accessible elements, violating the 2010 ADA Standards for Accessible Design.

E. Simulcasting Area Restrooms

i. The restroom sinks lack the required pipe insulation, violating the 2010 ADA Standards for Accessible Design. The lack of pipe insulation exposes Plaintiffs' to injuries and prevents access to the restrooms.

ii. The rims of the restroom sinks are mounted at a height greater than thirty-four inches above the finished floor, violating § 606.3 of the 2010 ADA Standards for Accessible Design. The improperly set sinks prevents Plaintiffs' from accessing the restrooms.

iii. The grab bars are improperly located, violating §§ 604 and 609 of the 2010 ADA Standards for Accessible Design. The improper location of the hardware impedes Plaintiffs' use of the restrooms.

iv. The restroom stall door lacks a self-closer, violating § 604 of the 2010 ADA Standards for Accessible Design. The lack of hardware impedes Plaintiffs' use of the restrooms.

v. The toilet paper dispenser is improperly located, violating § 604 of the 2010 ADA Standards for Accessible Design. The improper hardware location impedes

Plaintiffs' use of the restrooms.

vi. The water closet has a centerline greater than eighteen inches from the side wall, violating § 604 of the 2010 ADA Standards for Accessible Design. The improper clearance restricts Plaintiffs' ability to maneuver within the restrooms.

vii. The hand sanitizer and other dispensers are mounted beyond the prescribed reach ranges, violating § 308 of the 2010 ADA Standards for Accessible Design.

22. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and/or 28 CFR 36.505.

## COUNT I – ADA VIOLATIONS

23. Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24. The discriminatory violations described in this Complaint are not an exclusive list of Defendants' ADA violations. Plaintiffs request an inspection of Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further request to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiffs from further ingress, use, and equal enjoyment of the Commercial Property and the business(es) therein; Plaintiffs request to be physically present at such inspection in conjunction with Rule 34 and timely notice.

25. The Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities

privileges, benefits, programs, and activities offered by Defendants' Commercial Property and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

26. Defendants have discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

27. Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs, and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28. Defendants are required to remove the existing architectural barriers to the

physically disabled when such removal is readily achievable for their place of public accommodation. The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

29. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiffs or waived by Defendants.

30. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' Injunctive Relief, including an order to alter the property where Defendants operate their business(es) located within the Commercial Property, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

**WHEREFORE**, the Plaintiffs respectfully request the Court:

a. Issue a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181.

b. Issue injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are

necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

c. Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Grant such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

**COUNT II VIOLATIONS OF NEW YORK STATE HUMAN RIGHTS LAW**

31. Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

32. Plaintiffs have a disability as defined by New York State Human Rights Law.

33. Defendants own, operate, or lease a public accommodation, within the meaning of New York State Human Rights Law § 292(9).

34. Defendants have not provided Plaintiffs and others similarly situated with evenhanded treatment in violation of New York State Human Rights Law § 296.

35. Defendants' direct or indirect unevenhanded treatment of Plaintiffs and others similarly situated is demonstrated when they were segregated from all other customers.

36. Defendants have, because of Plaintiffs' disabilities, directly or indirectly, refused, withheld from or denied Plaintiffs any of the accommodations, advantages, facilities or privileges of their public accommodation.

37. Defendants have demonstrated that the patronage or custom thereat of Plaintiffs

and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

38. Defendants and their agents discriminated against Plaintiffs in violation of New York State Human Rights Law § 296.

39. Defendants discriminated against Plaintiffs by creating, fostering, and otherwise failing to prevent or remedy the discrimination against Plaintiffs, in violation of New York State Human Rights Law § 296.

40. As a direct and proximate result of the disability discrimination perpetrated by Defendants in violation of the New York State Human Rights Law, Plaintiffs have suffered and continue to suffer physical and emotional distress and pain -- including but not limited to great levels of fear, anxiety, indignity, humiliation, loss of self-esteem and self-confidence.

**WHEREFORE**, Plaintiff requests the following relief from the Court:

a. Enter declaratory judgment specifying Defendants' conduct as alleged here has violated, and continues to violate, Title III of the ADA, New York State law, and its implementing regulations and declaring the rights of Plaintiffs and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services offered by Defendants to the public.

b. Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendants to alter their public accommodation making such public accommodation readily accessible to and usable to individuals with disabilities, 3) adopt a policy and procedure to handle requests for reasonable accommodations; and 4) compelling Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiffs will not be subject to further discrimination, in accordance with New York State Human Rights Law and Title III of the ADA.

c. Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendants liable for $500 for each and every violation.

d. The court retain jurisdiction over the Defendants until the court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur.

e. Award Plaintiffs compensatory damages in the amount to be determined at trial for Defendants' violation of New York State Human Rights Law.

f. Award Plaintiffs punitive damages in the amount to be determined at trial for Defendants' violation of New York State Human Rights Law.

g. Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses, and such other and further relief, at law or in equity, to which the Plaintiffs and other persons similarly situated may be justly entitled.

Dated: October 20, 2026

Respectfully submitted,

*/s/ Joseph M. Horn*
Joseph M. Horn, Esq.
ID: JH0123
Law Office of Joseph M. Horn
500 Lake Street, Suite D
Ramsey, NJ 07446
T: 201-884-6000
F: 201-205-1382
E: hornesq@gmail.com
Attorney for Plaintiffs

John A. Salcedo, Esq.
Florida Bar No.: 14665
The Mineo Salcedo Law Firm, P.A.
5600 Davie Road
Davie, FL 33314
T: 954.463.8100

E: jsalcedo@mineolaw.com
Attorney for Plaintiffs
Pro Hac Vice Motion to Follow